### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DAMARA Q. BREWER,

           Plaintiff,

      v.

GUARANTEED AUTO, INC.,

           Defendant.

CIVIL ACTION FILE NO.

1:14-cv-03972-WSD-RGV

### MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Plaintiff Damara Q. Brewer ("plaintiff") instituted this action against defendant Guaranteed Auto, Inc. ("GAI"), under the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and the Georgia Fair Business Practices Act, O.C.G.A. 10-1-390. [Doc. 3]. The Clerk has entered a default as to GAI, see [Docket entry dated 02/24/2015], and plaintiff has filed a motion for default judgment, [Doc. 8]. GAI has not responded to the motion, so it is deemed unopposed. See LR 7.1B, NDGa. However, on May 12, 2015, the Court issued an Order, explaining that it "must establish that it has jurisdiction to enter a default judgment against GAI" before "reaching the merits of the unopposed motion," [Doc. 9 at 1 (citation omitted)], and because it appeared that plaintiff had served GAI by leaving the summons and complaint with Kim Baker ("Baker"), Georgia Secretary of State Process Coordinator, but plaintiff had "not included with her motion for default judgment

proof of compliance with the requirements for substituted service upon the Secretary of State pursuant to O.C.G.A. § 9-11-4(e)(1)," the Court reserved ruling on plaintiff's motion for a default judgment and gave her fourteen days to "provide adequate proof of service upon GAI," [id. at 3-4].[1]  The Court further advised plaintiff that absent such proof of service, it "may not grant a default judgment against [GAI]."  [Id. at 4 (alteration in original) (citation and internal marks omitted)].

In response to the Court's Order, on May 15, 2015, plaintiff filed an "Affidavit of Process Server," [Doc. 10], in which the process server, Chris Stanton, avers that he attempted to serve GAI at 7295 Roswell Road, Atlanta, Georgia 30328 on December 19, 2014,[2] but another business was located at that address.  Plaintiff, however, has not otherwise responded to the Court's May 12 Order, directing her to provide "adequate proof of service upon GAI[.]"  [Doc. 9 at 4].  For the reasons that follow, it is hereby **RECOMMENDED** that plaintiff's motion for the entry of a default judgment, [Doc. 8], be **DENIED**.

---

[1] In fact, the Court also pointed out a discrepancy between the return of service filed by plaintiff showing service was made by leaving a copy of the summons, complaint, and exhibits 1-6 with Baker, see [Doc. 6], and her motion for default judgment which stated that "[s]ervice was effectuated in hand," [Doc. 8 at 1].  See also [Doc. 9 at 1-2].

[2] The process server mistakenly wrote December 19, 2015, rather than December 19, 2014.  See [Doc. 10].

"'Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.'" Igbinigie v. Wells Fargo Bank, N.A., No. 3:08-CV-58 (CDL), 2008 WL 4862597, at *1 (M.D. Ga. Nov. 10, 2008) (quoting Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990)).  "It is therefore reversible error for a district court to address the merits of a cause of action when the plaintiff has failed to properly effect service of process in accordance with Federal Rule of Civil Procedure 4."  Id. (alteration in original) (citing Jackson v. Warden, FCC Coleman-USP, 259 F. App'x 181, 182-83 (11th Cir. 2007) (per curiam) (unpublished) ("Because [plaintiff] failed to serve defendants properly, we find that this case should have been dismissed without prejudice.  It was, therefore, improper for the district court to have reached the merits in this case and to have issued a dismissal with prejudice.")).  Therefore, "[b]efore addressing the merits of [plaintiff's] motion, [] this Court must establish jurisdiction to enter default judgment against [GAI]."  Joseph v. Nat'l Note Grp., LLC, Civil Action No. 1:14-cv-01134-WBH, at [Doc. 13 at 1] (N.D. Ga. Oct. 28, 2014).

Under Federal Rule of Civil Procedure 4(h)(1), a corporation must be served in one of the following ways:  "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized

3

by appointment or by law to receive service of process . . . ."  Fed. R. Civ. P. 4(h)(1).

"Unless the [corporate] defendant has waived service, the plaintiff must personally effect service upon the defendant, and service by mail is insufficient under 4(h)(1)(B)."  Pelmore v. Pinestate Mortg. Corp., Civil Action File No. 1:09-CV-2313-TWT, 2010 WL 520767 at *2 (N.D. Ga. Feb. 8, 2010), adopted at *1 (citation omitted) (citing Fed. R. Civ. P. 4(h)(1)(B); Dyer v. Wal-Mart Stores, Inc., 318 F. App'x 843, 844 (11th Cir. 2009) (per curiam) (unpublished)).

"[S]ervice may be made by 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . . .'"  Id. (quoting Fed. R. Civ. P. Rule 4(e)(1)). In Georgia, "[s]ervice shall be made by delivering a copy of the summons attached to a copy of the complaint as follows: (1)(A) If the action is against a corporation . . . to the president or other officer of such corporation . . ., a managing agent thereof, or a registered agent thereof, provided that when for any reason service cannot be had in such manner, the Secretary of State shall be an agent of such corporation . . . upon whom any process, notice, or demand may be served."  O.C.G.A. § 9-11-4(e)(1)(A).  Therefore, "under Georgia law, substituted service upon the Secretary of State is proper only after a plaintiff has attempted to serve the persons listed in the statute and for any reason that attempt is unsuccessful."  Davis v. Frederick J.

4

Hanna & Assocs., P.C., 506 F. Supp. 2d 1322, 1323 (N.D. Ga. 2007) (emphasis, citation, and internal marks omitted).  The statute further specifies the procedural requirements for serving the Secretary of State as follows:

> The plaintiff or the plaintiff's attorney shall certify in writing to the Secretary of State that he or she has forwarded by registered mail or statutory overnight delivery such process, service, or demand to the last registered office or registered agent listed on the records of the Secretary of State, that service cannot be effected at such office, and that it therefore appears that such corporation or foreign corporation has failed either to maintain a registered office or to appoint a registered agent in this state.

O.C.G.A. § 9-11-4(e)(1)(A); see also Davis, 506 F. Supp. 2d at 1323-24.  "The serving party . . . bears the burden of proof with regard to validity of service . . . ." Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009), adopted at *1290 (citation omitted).

Here, the "Affidavit of Process Server" filed by plaintiff does not show that plaintiff has met all of the statutory requirements, including that she or her counsel "forwarded by registered mail or statutory overnight delivery such process, service, or demand to the last registered office or registered agent listed on the records of the Secretary of State," or that she, or her counsel, even certified to the Secretary of State that she had done so.  See O.C.G.A. § 9-11-4(e)(1)(A).  In fact, while plaintiff has filed the process server's affidavit with the Court, she has not filed any supporting affidavit or documentation that shows that this affidavit was even provided to the

Secretary of State, and plaintiff offers no legal authority or argument pursuant to which she alleges service under O.C.G.A. § 9-11-4(e)(1)(A) was otherwise proper. While generally, "[a]ffidavits by process servers constitute a *prima facie* showing that defendant[] [has] been served," Landmark Fin. Solutions, LLC v. Sanchez, No. 2:13–cv–214–FtM–38CM, 2014 WL 759847, at *2 (M.D. Fla. Feb. 26, 2014) (citation omitted), the affidavit here expressly declares that service was attempted on one occasion and that GAI was not in fact served, and there is nothing before the Court to explain how this affidavit alone is sufficient to meet the statutory requirements for serving GAI through the Secretary of State.  Thus, plaintiff has failed to show that she properly served GAI with a copy of the summons and complaint in this case, and since it appears GAI has not been properly served, it is not in default.  It is therefore **RECOMMENDED** that plaintiff's motion for an entry of default judgment, [Doc. 8], be **DENIED**.

Moreover, because plaintiff has not shown that GAI has been properly served, this action is due to be dismissed because the time for service has expired.  In cases originally filed in federal court, a plaintiff has 120 days in which to properly serve the defendant.  Fed. R. Civ. P. 4(m).  Here, the complaint was filed on December 17, 2014, see [Docs. 1 & 3], and more than 120 days have elapsed since that filing. "Where, as here, plaintiff[] failed to serve [GAI] properly within the [120-day] period

6

allotted under the Federal Rules of Civil Procedure, 'the court–on motion or on its own initiative after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that service be effected within a specified time.'" Anderson, 678 F. Supp. 2d at 1296 (quoting Fed. R. Civ. P. 4(m)). "'But if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.'" Id. (quoting Fed. R. Civ. P. 4(m)).  Plaintiff has not shown that GAI has in fact been properly served as ordered by the Court on May 12, 2015, see [Doc. 9], nor has she sought an extension of time in which to serve GAI or shown good cause for her failure to serve it with the summons and complaint.[3]  Because more than 120 days have passed since the filing of the complaint naming GAI as a defendant, it is hereby **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to perfect service of process.  See Fed.

---

[3] If a plaintiff "fails to show good cause for failing to timely effect service, a court 'must still consider whether any other circumstances warrant an extension of time based on the facts of the case.'" Duncan v. CCA McRae Corr. Facility, No. CV 308-047, 2009 WL 1151620, at *1 (S.D. Ga. Apr. 27, 2009), adopted at *1 (quoting Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007)). "Nevertheless, the decision to extend the time for service is within the Court's sound discretion." Id.  The Court finds no circumstances on the record before it that warrant an extension of time for plaintiff to serve GAI since plaintiff has been notified of the deficiency in service of process and has offered no explanation for failing to properly serve GAI or sought an extension to effect proper service.

R. Civ. P. 4(m); LR 41.2B, NDGa.; <u>Milburn v. Aegis Wholesale Corp.</u>, Civil Action

No. 1:12–CV–1886–RWS, 2013 WL 1747915, at *1 n.2 (N.D. Ga. Apr. 22, 2013).[4]

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**IT IS SO RECOMMENDED** this 1st day of June, 2015.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

[4] To the extent required by Local Rule 41.2B, this Report and Recommendation serves as notice to plaintiff that her case against GAI is subject to dismissal.  <u>See</u> <u>Anderson</u>, 678 F. Supp. 2d at 1296 (emphasis and citations omitted) ("This Report and Recommendation . . . serves as notice to Plaintiff[] that if [she] disagree[s] with this recommendation, [she] must file timely objections . . . with the District Court, setting forth appropriate evidence and arguments why [her] failure to serve [GAI] should not result in the dismissal of [her] claims against [it].").