IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAMARA Q. BREWER,

                Plaintiff,

v.                                       1:14-cv-3972-WSD

GUARANTEED AUTO, INC.,

                Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation ("R&R") [11], following his review of Plaintiff Damara Q. Brewer's ("Plaintiff") motion for default judgment [8].

## I. BACKGROUND

On December 17, 2014, Plaintiff filed a complaint against defendant Guaranteed Auto, Inc. ("Defendant" or "GAI"), alleging claims under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Georgia Fair Business Practices Act, O.C.G.A. 10-1-390 [3]. On February 24, 2015, the Clerk entered a default against GAI. On February 27, 2015, Plaintiff filed a motion for default judgment [8]. Defendant GAI did not respond to the motion, so it was deemed unopposed. See LR 7.1B, NDGa.

On May 12, 2015, Magistrate Judge Vineyard issued an Order (the "Order") [9] that Plaintiff must provide adequate proof of service on GAI to assure that the Court had jurisdiction in this matter.  Plaintiff had served GAI by leaving the summons and complaint with Kim Baker ("Baker"), Georgia Secretary of State Process Coordinator, but Plaintiff had "not included with her motion for default judgment proof of compliance with the requirements for substituted services upon the Secretary of State pursuant to O.C.G.A. § 9-11-4(e)(1)."  (Order at 3-4).  The Court reserved ruling on Plaintiff's motion for default judgment until she provided adequate proof of service.  (Id.).

On May 15, 2015, Plaintiff filed an "Affidavit of Process Server" [10] in which Chris Stanton, the process server, stated he attempted to serve GAI, but another business was located at the address where service was attempted.  Plaintiff has not otherwise responded to the Order.

On June 1, 2015, the Magistrate Judge issued his R&R recommending that Plaintiff's motion for the entry of a default judgment be denied, on the ground that Plaintiff failed to show that she properly served GAI with a copy of the summons and complaint in this case.  (R&R at 6).  Magistrate Judge Vineyard found that Plaintiff did not show that she fulfilled the requirement of O.C.G.A. § 9-11-4(e)(1)(A) to "forward[] by registered mail or statutory overnight delivery

such process, service, or demand to the last registered office or registered agent listed on the records of the Secretary of State," or that she certified to the Secretary of State that she had done so.  (R&R at 5).  Judge Vineyard also concluded that, because Plaintiff has failed to show that Defendant has been properly served, the action must be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because the 120 day deadline for service had expired.  (Id. at 6).  Plaintiff also had not shown good cause for her failure of service, or sought an extension of time in which to serve GAI.  (Id. at 7).

## II.   STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  When, as here, no party has filed any objections to the report and recommendation, the Court must conduct a plain error review of the record.  U.S. v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## III.   DISCUSSION

The Court does not find any plain error in Judge Vineyard's finding that Plaintiff has failed to show she properly served Defendant GAI.  The Court also

finds no plain error in the Magistrate Judge's determination that, because 120 days have passed since the filing of the complaint naming GAI as a defendant, Plaintiff's complaint must be dismissed without prejudice.  See Fed. R. Civ. P. 4(m); LR 41.2B, NDGa.; Milburn v. Aegis Wholesale Corp., Civil Action No. 1:12-CV-1886-RWS, 2013 WL 1747915, at *1 n.2 (N.D. Ga. Apr. 22, 2013).

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [11] is **ADOPTED**, and Plaintiff's motion for default judgment [8] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 2nd day of September, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE